## J. M. DUNCAN *v.* BOARD OF SUPERVISORS OF SCOTT COUNTY.

1. JUSTICE OF THE PEACE. *Promissory note. Institution of suit thereon. Section 2196, Code of 1880, construed.*
   In instituting suit on a promissory note before a justice of the peace, it is sufficient to file a copy thereof with him, under § 2196, Code of 1880, which provides that "any one desiring to sue before a justice of the peace, shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action."

2. PRACTICE. *Filing note before judgment. Presumption.*
   Upon appeal from a judgment on a promissory note this court will presume, in the absence of a bill of exceptions showing the contrary, that the note was filed before judgment taken.

3. JUDGMENT. *Against one of several defendants. Failure to except. Section 1433, Code of 1880, applied.*
   D., M., and C. were sued by the county of S. on a joint and several promissory note. Judgment *nil dicit* was taken against D., without any disposition of the case as to M. and C. No exception was taken to this action in the lower court. *Held,* that the judgment cannot be disturbed here, because of § 1433, Code of 1880, which says, "nor shall any such judgment be reversed, because of any error or omission in the case in the court below, unless the record shows that the errors complained of were made a ground of special exception in such court."

APPEAL from the Circuit Court of Scott County.

HON. A. G. MAYERS, Judge.

In 1883 the board of supervisors of Scott County instituted this suit before a justice of the peace of that county against J. M. Duncan, M. S. Gilmer, and Charles Gilmer on a joint and several promissory note executed by them in 1877. The action was begun by filing a copy of the note sued on with the justice of the peace and causing the issuance of a summons to the defendants. J. M. Duncan, one of the defendants, appeared and filed the following motion :

"Said defendant, J. M. Duncan, comes by his attorney and moves the court to dismiss this cause for the following reason, to wit : Because no cause of action has been or was filed or lodged with said court before the issuance of process or instituting suit."

The justice dismissed the suit and the plaintiff appealed to the circuit court, where the following judgment was entered :

" This cause coming on to be heard and the defendant appearing in open court and saying nothing in bar of plaintiff's claim, it is therefore considered by the court that the plaintiff do have and recover from the defendant the sum of two hundred and thirty-five dollars and ninety cents, with ten per cent. interest from date, and all costs of this suit, for which let execution issue."

The record nowhere shows that any action was taken in the circuit court on the motion filed with the papers sent up by the justice of the peace to dismiss the suit. The judgment was entered up against J. M. Duncan alone, without any disposition of the cause as to the other two defendants. But no exception was taken in the court below on this point. The bill of exceptions is silent as to whether or not the note was filed at any time before judgment was rendered on it. The defendant, Duncan, appealed to this court.

*D. C. Wasson,* for the appellant.

1. Section 2196, Code of 1880, directs how suits shall be commenced in a justice's court. The language of this section is that " any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action." It is manifest from this section that the note in a case of this kind is the cause of action. The law allowing a copy of a note to be filed with a declaration in the circuit court does not apply to the justice court.

2. The court below had no more jurisdiction on appeal than the justice had. What was there in the circuit court to be tried ? Absolutely nothing. Before any judgment could lawfully be rendered, the note had to be surrendered and made a part of the record of the case, and to protect the defendants from future suits.

3. This judgment is against J. M. Duncan alone ; no order as to M. S. and Charles Gilmer. Here we find a judgment against one defendant based on nothing, and the other two defendants still in court, for what, I can't tell.

*T. M. Miller,* Attorney General, and *W. R. Harper,* for the county.

1. A copy of note answers every purpose of pleading, in that it sufficiently informs the defendant of the grounds upon which he is sought to be charged, and is all that is required under § 2196, Code of 1880.

2. It was the duty of defendant to renew his motion to dismiss if he desired the same to be acted on in the circuit court.   Having said nothing, there was no motion pending.

3. There is a manifest confusion in appellant's brief of what is required to make the pleadings good, and the evidence required to sustain the same on the trial or to authorize a judgment to be entered up.

4. It was perfectly proper and competent for the court to enter up judgment against Duncan alone, without any action as to the other defendants, under § 1134, Code of 1880, and as the note was joint and several.   So now appellant cannot be heard to complain because plaintiff saw fit to take judgment against him alone and not against the other defendants also.

ARNOLD, J., delivered the opinion of the court.

It was not necessary that the original note should have been lodged with the justice of the peace before process issued.   A copy was sufficient.   Code, § 2196.   If the motion in the circuit court to dismiss because the original note was not filed before process issued was not overruled, it should have been.   If it were necessary to have filed the original note in the circuit court before judgment was taken thereon, we must presume, in the absence of a bill of exceptions showing the contrary, that it was done.

The failure to make disposition of the case as to the other defendants before judgment was entered as to appellant was not excepted to in the lower court, and under § 1433 of the Code the judgment cannot be disturbed here on that account.

*Affirmed.*