## M. C. HAMBRICK *v.* E. C. DENT.

1. PRACTICE.  *Judgment by default.  Plea on file.  ·Error.*

    A judgment by default, rendered when there is a plea undisposed of which is a full answer to the declaration, will be reversed.

2. SAME.  *Code* 1880, §1433.

    Such error is not cured by §1433, code 1880, which applies only to criminal cases.  *Duncan* v. *Supervisors,* 64 Miss., 38, explained.

FROM the circuit court of Noxubee county.

HON; S. H. TERRAL, Judge.

E. C. Dent filed his declaration in the circuit ʻcourt against M. C. Hambrick and three others, on their joint promissory note.  The record contains only the declaration, which is in usual form and unsworn, a copy of the note, a plea of general issue by all the defendants, which is filed, and a subsequent judgment by default, wherein it is recited that the suit is dismissed as to two of the defendants.  The date of the indorsement on the plea shows it to have·been filed on the third day of the term, and no leave of court or consent to the filing out of time is shown; nor does the record show any motion to strike out the plea, or that it was disposed of in any way.

Mrs. Hambrick, one of the defendants against whom judgment was taken, appeals.

*Rives & Rives,* for appellant.

It was error to render judgment by default while the plea was on file.  *Price* v. *Sinclair,* 5 S. & M., 258; *Wright* v. *Alexander,* 11 *Ib.,* 417; *Pool* v. *Hill,* 44 Miss., 312; *Taylor* v. *McNairy,* 42 *Ib.,* 276.

It will be presumed that the plea was filed by leave of court.  *Price* v. *Sinclair, supra.*

*T. W. Brame,* for appellee.

The plea was filed out of time, without any leave of court, so far as appears, and was properly disregarded.

If it was error to render judgment without disposing of the plea, it was necessary to object in the lower court, and present the error by special bill of exception. *Duncan* v. *Board Supervisors,* 64 Miss., 38.

CAMPBELL, C. J., delivered the opinion of the court.

The judgment in this case must be reversed, because it was rendered when there was a plea undisposed of which is a full answer to the declaration. Section 1433 of the code of 1880 applies to criminal cases only. Its citation in *Duncan* v. *Supervisors,* 64 Miss., 38, was an inadvertence. No statute authorizes a judgment in the state of case shown by this record, and such a statute would be intolerable.

*Reversed and remanded.*