D. C. Muenster et al. v. Tremont National Bank.

No. 731. Decided February 6, 1899.

1. **Trial of Right of Property—Death of Claimant—Sureties—Judgment.**

On the death of one who has filed claim bond for property taken in execution (Revised Statutes, article 5288), on which claim issue has been joined, it is not lawful to dismiss as to such claimant and take judgment by default against the sureties. (Pp. 424-426.)

2. **Same—Statutes.**

The issues having been made conformably to the statute, the claimant has not failed to join issue as required by Revised Statutes, article 5299, nor has he, by not appearing after his death, failed to establish his case, within the meaning of article 5307; neither does article 1257, Revised Statutes, authorize dismissal as to him and judgment against the sureties, such article not applying in cases where the sureties are not really parties, but simply answerable for whatever judgment may be entered against their principal, and with no right to appear and take part in the trial. (Pp. 424-426.)

3. **Trial of Right of Property—Procedure on Death of Claimant.**

The proper practice upon the death of claimant is to make his heirs or legal representatives parties. (P. 425.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Caldwell County.

Heidenheimer claimed property levied on by the bank, and gave claim bond upon which issues were joined in court under the statute; but before trial Heidenheimer died, and the bank then dismissed as to him and took judgment against Muenster et al., the sureties on his claim bond. They appealed, and on affirmance obtained writ of error from Supreme Court.

*Thomas McNeal*, for plaintiffs in error.—The court erred in permitting plaintiff to dismiss as to defendant S. Heidenheimer, and take judgment against plaintiffs in error, the sureties on said defendant's claim bond. The death of defendant S. Heidenheimer, the claimant, having been suggested to the court, his heirs or legal representatives should have been made parties to authorize a judgment in said cause, except a dismissal of said suit by plaintiff. Submitted as a proposition. Rev. Stats., arts. 5288, 5304, 5306; Hensel v. Kaufmann, 40 S. W. Rep., 819; Wadsworth v. Cardwell, 37 S. W. Rep., 367; Blair v. Sanborn, 82 Texas, 686; Trent v. Rhomberg, 66 Texas, 249.

No party can be bound by a personal judgment without being allowed a day in court. He must be cited or have himself made a party to authorize a personal judgment against him.

Articles 5304 and 5307, Revised Statutes, in so far as they authorize judgment against sureties on claim bonds without service of notice on them are repugnant to section 19, article 1, Constitution of Texas and to the fourteenth amendment to the United States Constitution. Rev. Stats., art. 1245; Witt v. Kaufman, 25 Texas Supp., 384; Williams v. Warren, 82 Texas, 319; Williams v. Barnwell, 78 Texas, 326; Wooldridge

v. Griffith, 59 Texas, 290; Texas Const., sec. 19, art. 1; 14th amendment U. S. Const.

If the law authorizing a judgment against defendant on a claim bond and against the sureties on the bond without notice to the sureties is constitutional, dismissal as to the defendant destroys the link that binds the sureties to the court, and does not authorize judgment against the sureties.

The defendant in a suit for the trial of the right of property being the only defendant, dismissal as to him leaves no one against whom judgment can be rendered in the cause. Bullock v. Trawick, 20 S. W. Rep., 724.

*Nix, Storey & Storey,* for defendants in error.—In cases like this the sureties on the claimant's bond are parties defendant to the suit to try the right to the property released from the levy, as completely as if served by citation, and against whom judgment must be rendered if the right to the property is not adjudged to be in the claimant. Rev. Stats., arts. 1203, 1204, 5291, 5301, 5303, 5304, 5307, 5310.

As the plaintiffs in error, as defendants in the court below, had the right to appear and defend their rights therein, either in person or by attorney, and to ask for a continuance and for the issuance of a scire facias for the heirs of Heidenheimer, and failed to do so, it is too late to complain for the first time on appeal. Rev. Stats., art. 1209; Shipman v. Allen, 29 Texas, 20; Jones v. Coker, 53 Miss., 195.

Where there are two or more defendants, and one or more of them die, if the cause of action survives to the plaintiff and against the surviving defendants, the suit shall not abate by reason of such death, but upon suggestion of such death being entered upon the record the suit shall, at the instance of either party, proceed against the surviving defendants. Rev. Stats., arts. 1250, 1256, 1257, 1259, 1203, 1204; Aldridge v. Mardoff, 32 Texas, 205.

When the judgment recites, as in this case, that it was rendered after hearing the "pleadings and evidence adduced," and there is no statement of facts showing what the evidence was, the presumption must be indulged that the evidence was ample on every question of fact necessary to sustain the judgment. Hunton v. Nichols, 55 Texas, 225; Pierce v. Pierce, 21 Texas, 469; Bank v. Houts, 85 Texas, 69.

BROWN, ASSOCIATE JUSTICE.—On the 22d of April, 1886, the sheriff of Caldwell County levied on personal property by authority of an execution in favor of the Tremont National Bank against the Luling Manufacturing Company and Henry Muenster, issued out of the District Court of Caldwell County on April 20, 1886, which property was claimed by Samson Heidenheimer on May 10, 1886, and affidavit and bond presented to the sheriff of Caldwell County according to law. D. C. Muenster, H. Kleinsmith, and R. Jacobs were sureties on the claim bond. The property was delivered to Heidenheimer on May 10, 1886, and the bond

filed in the District Court of Caldwell County on May 11, 1886. The cause was docketed in the District Court of that county, and Heidenheimer tendered issues in which he claimed the property as his own; the Tremont National Bank joined issue with Heidenheimer, alleging and claiming that the property was subject to execution.

At the October term, 1897, the Tremont National Bank suggested the death of Samson Heidenheimer and dismissed the suit as to him; the bank thereupon asked for judgment against the sureties on the claim bond of Heidenheimer, and no appearance having been made for the sureties, the court entered judgment against them, reciting in the judgment the facts, and that the issue had been formed by the pleadings with the burden of proof assumed by the defendant, and the said Heidenheimer being dead, the action was dismissed as to him, and that upon request of the plaintiff, judgment was entered against the sureties upon his claim bond as by default for the sum of $929.04, with 6 per cent interest from that date, and for the further sum of $92.91, being 10 per cent damages on the value of the property levied upon and claimed by Heidenheimer, together with all costs of the suit. This judgment was affirmed by the Court of Civil Appeals.

The conditions of the bond required to be given by the claimant for trial of the right of property are prescribed by article 5288, Revised Statutes, which reads as follows: "The bond shall be conditioned that the party making such claim, in case he fails to establish his right to such property, shall return the same to the officer making the levy, or his successor, in as good condition as he received it, and, shall also pay the reasonable value of the use, hire, increase, and fruits thereof from the date of said bond, but in case he fails so to return said property and pay for the use of the same, he shall pay the plaintiff the value of said property, with legal interest thereon from the date of the bond, and shall also pay all damages and costs that may be awarded against him."

Article 5299, Revised Statutes, reads as follows: "If the plaintiff appears and the defendant fails to appear or neglects or refuses to join issue under the direction of the court or justice, within the time prescribed for pleading, the plaintiff shall have judgment by default, as in other cases."

Article 5307, Revised Statutes, is in the following language: "In all cases where any claimant of property under the provisions of this title shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond. Such judgment shall be rendered in favor of the plaintiff in the writ or of the several plaintiffs, if more than one, and shall fix the amount of each plaintiff's claim."

In this character of proceeding, the sureties on the claimant's bond are not subject to judgment except under the condition prescribed in the last two articles above quoted. The question presented to us is, do the facts in this case bring it within the terms of the law?

The fact that Heidenheimer's attorney withdrew from the case before

his client's death does not authorize the renditions of judgment by default against the sureties, because Heidenheimer's appearance and issues remained a part of the record and satisfied the requirements of the law. Field v. Fowler, 62 Texas, 65. The judgment does not purport to have been rendered by default, but recites that the sureties on the claimant's bond failed to appear and that the attorney of Heidenheimer had previously withdrawn, which indicates that the court regarded the case as being without answer or appearance. The judgment can not be sustained under article 5299.

To justify the judgment under article 5307, the claimant must have failed to establish his right to the property. It has been held that the filing of issues which stated facts insufficient to show the claimant to be entitled to the property when demurrer had been sustained to the issues and the claimant refused to amend, constituted a failure of the claimant to "establish" his right and authorized judgment against defendant and his sureties. The issues filed for Heidenheimer conformed to the statute. Dixon v. Zadek, 59 Texas, 531.

The only ground for failure chargeable to the sureties in this case is that the claimant was dead at the time of the trial, and therefore could not appear, and the sureties themselves failed to make appearance. It can not be said that a man who is dead *"fails"* to establish a right which is litigated and determined after his death; therefore, the failure of Heidenheimer to establish his right is not maintained by the facts recited in the record.

The sureties were not parties to the suit except in the limited sense that they were subject to the same judgment which might be rendered against their principal. They were not charged with the duty of making the defense. Sampson v. Solinsky, 75 Texas, 663. They had no right under these circumstances to appear in the case, nor indeed is there any provision made for the sureties to take any part in such trial, but they must abide the result of the suit as it may be conducted by their principal. We think that there has been no failure, under the state of case presented, on the part of the claimant, his heirs, or legal representatives to establish his right, because he being dead, the right and duty of conducting the cause devolved upon his heirs or legal representatives, who should have been made parties defendant to the proceeding to afford them an opportunity to sustain the claim made by Heidenheimer. Rev. Stats., art. 1248. If the heirs or legal representatives had been made parties to the suit they would have taken the claimant's place, and their failure to establish the right would have entitled plaintiff to judgment on the claim bond.

It is claimed by counsel for defendant in error that it was proper to dismiss the case as to Heidenheimer upon the suggestion of his death and to proceed against his sureties under article 1257, Revised Statutes. But that article applies to the class of cases wherein the action is founded on a contract made by the principal and the sureties, and to enforce an obligation which rests upon the sureties as well as the principal, inde-

pendent of the suit; but in this case the sureties have agreed to do nothing except to make good the failure of their principal in prosecuting the claim made by him to the property. We conclude that the articles of the Revised Statutes which authorize a discontinuance as to a principal debtor and a prosecution of the suit against sureties do not apply to actions in which the sureties are not really parties, but simply answerable for whatever judgment may be entered against their principal.

If the judgment in this case be sustained, the sureties would have the right under article 5310, Revised Statutes, to discharge it by returning the property and paying for the use and hire of it, damages and costs. This is a part of their obligation and their right under the law, but it could not be exercised in this case because the property is in the hands of the heirs or legal representatives of Samson Heidenheimer, against whom no judgment was entered; the sureties could not take possession of the property and return it or compel the heirs or legal representatives to surrender it, because there has been no adjudication of their right to it. Such proceeding would deprive the sureties of a valuable right in the manner of satisfying the judgment.

If the sureties were to pay this judgment and proceed against Heidenheimer's estate, it would not be binding upon the estate, who might defeat recovery upon the ground that Heidenheimer was in fact the owner of the property. We would have the anomalous condition of forcing the sureties to pay a judgment that they could not enforce against the estate of their principal—although it is founded alone upon his liability and acts.

The District Court erred in entering judgment against the sureties, no judgment being at the same time entered against the principal, his heirs, or legal representatives, and the Court of Civil Appeals erred in affirming it. It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and the cause remanded.

*Reversed and remanded.*