BREED v. HIGGINBOTHAM BROS, & CO.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 11, 1911.)

1. VENUE (§ 21*)—RESIDENCE OF PARTIES.

Where a note secured by a mortgage on land was payable in a named county, and the maker had left the state, and those claiming the land resided in other counties, an action could not, under Rev. St. 1895, art. 1194, providing that no person shall be sued out of the county in which he has a domicile, save in certain cases, as where there are several defendants residing in different counties, in which case the suit may be brought in the county where any one of them resides, be maintained in the county where the note was payable.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

2. VENUE (§ 32*)—RESIDENCE OF PARTIES—OBJECTIONS—WAIVER.

Where a defendant while cited to answer an action in a county other than that of his domicile did not file an answer or a plea of privilege until a later term, and plaintiff did not take judgment by default, defendant's failure did not waive his privilege of being sued only in the county of his domicile, for district court rule 24 (67 S. W. xxii), providing that all motions not going to the merits shall be tried at the first term to which the attention of the court shall be called, and Rev. St. 1895, art. 1291, providing that all dilatory pleas shall be determined when the case is called, do not make a failure to promptly plead matters in abatement a waiver thereof.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

3. MORTGAGES (§ 434*)—FORECLOSURE—NECESSARY PARTIES.

Although Rev. St. 1895, arts. 1203, 1257, 1259, relating to the relation of surety, indorser, or guarantor, permit actions to be maintained against those secondarily liable without joining the principal, yet the maker of a note secured by a mortgage upon land is a necessary party in an action to recover upon the note, foreclose the mortgage, and test the adverse claims which others are asserting to the land.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1272–1287; Dec. Dig. § 434.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by Higginbotham Bros. & Co. against W. N. Breed and others. From a judgment for plaintiffs, defendant Breed appeals. Reversed and remanded.

E. S. J. Whitehead, for appellant. Goodson & Goodson, for appellees.

CONNER, C. J. On January 17, 1910, Higginbotham Bros. & Co. filed their original petition in the district court of Comanche county against Geo. W. Hill, alleging that the said Hill resided in Pecos county, Tex., and declaring upon a personal account for $23.70, and also upon a promissory note charged to have been executed by Hill for the sum of $3,961.25 made payable in Comanche county, Tex. Afterwards, on November 2, 1910, the plaintiffs in the suit filed their second amended original petition "in lieu of and as a substitute for its first amended petition filed on March 15th, 1910," suing

as before upon the promissory note referred to, and further alleging that certain named defendants, including appellant, Mrs. W. N. Breed, and all of whom were alleged to be residents of counties other than Comanche, were asserting rights to certain property in the petition described, and upon which it was alleged the said Hill had executed mortgage liens for the purpose of securing the note declared upon. It is unnecessary to make further reference to property claimed by defendants other than Mrs. Breed, inasmuch as they present no complaint of the result of the trial below. As to Mrs. Breed, however, it was charged that she was a resident of Brown county, and was claiming "17 acres of land in the eastern part of Zephyr, Brown county, Tex.," referring to a certain deed for a more minute description. The petition further recited that "the said Geo. W. Hill has since the filing of this suit and before service on him become a nonresident of the state of Texas and still is a nonresident of the state of Texas, against whom a personal judgment for a debt named in said court cannot be obtained in the courts of this state," and that the other defendants had "heretofore been duly cited and served herein." Wherefore the plaintiffs prayed for a judgment establishing the debt, and for foreclosure of the asserted liens. The trial was before the court without a jury, and resulted in a judgment against appellant on her demurrer and special plea of privilege to be sued in Brown county, and against all defendants establishing the plaintiffs' debt and liens as prayed for, etc. Appellant alone has appealed.

[1] The material question presented on this appeal arises from the court's action in overruling appellant's exception to the plaintiffs' petition and her special plea of privilege, both in due order asserting appellant's right to be sued in Brown county. The general rule is declared by our statute to be that "no person, who is an inhabitant of this state, shall be sued out of the county in which he has his domicile." See Revised Statutes 1895, art. 1194. The article quoted, however, makes numerous exceptions, among which it is provided that "where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides." There can be no pretense that appellant comes within any other exception of the statute, and this exception has no application for the reason that suit was neither instituted nor maintained in a county where any one of the defendants resided. See Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5, and St. L. & S. W. Ry. Co. v. McKnight, 99 Tex. 289, 89 S. W. 755.

[2] Indeed, the court's action is only defended on the ground that appellant waived her privilege, but in this we cannot concur. The basis of the court's ruling, as recited in the judgment, is that: "The defendant Mrs. W. N. Breed through her attorney, E. S. J. Whitehead, called to the attention of the court for the first time their respective pleas of privilege filed herein on the 15th day of November, A. D. 1910, and it appearing to the court that said defendants had been duly cited to answer at the April term, A. D. 1910, of this court, and had not and did not during said term file any answer or plea of privilege, and that said parties did not answer or file any plea of privilege on or before the appearance day of this term of this court, and did not at any time before this day in any way call the attention of the court to their said pleas of privilege, it is ordered by the court that their said pleas of privileges be in all things overruled." Other than from this recital and a recital of the second amended original petition hereinbefore quoted, it does not appear when appellees' first amended original petition making Mrs. Breed a party was filed or when she was cited, as neither said first amended original petition, nor the citation and return, is to be found in the record. But, conceding that the rules provided for an earlier answer, we know of no penalty for the delay other than that appellant thereby subjected herself to the hazard of a judgment against her by default as provided by article 1282, Rev. St. For some reason, however, not explained in the record, no such judgment was taken by appellees, and the undisputed fact is that appellant filed no answer of any kind until before the case was called on the day of trial November 15, 1910. The attention of the court, therefore, could not, strictly speaking, have been earlier called to the demurrer or plea of privilege. Rule 24 (67 S. W. xxii), regulating the practice in the district court provides, that: "All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried." Article 1291 of the Revised Statutes reads: "When a case is called for trial, the issues of law arising on the pleadings, and all pleas in abatement, and other dilatory pleas remaining undisposed of, shall be determined, and it shall be no cause for the postponement of a trial of the issues of law that a party is not prepared to try the issues of fact." We are of the opinion, therefore, that the court should have heard and determined appellant's plea of privilege, and that he erred in holding that the same had been waived. The question of whether a right has been waived is generally one of fact, and, while a number of cases might be cited to the effect that where a plea of privilege, or other plea in abatement of any kind, has been filed, and the court thereafter has been permitted to take action inconsistent with a want of juris-

diction without having its attention called to the plea, the plea will be deemed to have been waived, but such result should not be ascribed to mere inaction—a simple failure to file an answer at the earliest possible moment—not shown to be prejudicial nor to have in any way influenced the course of the appellees.

[3] Moreover, while there were some non-objecting parties in the suit, the difficulty, in so far as appellant was affected, is emphasized by the fact that the principal defendant, Geo. W. Hill, has never been cited or made a party in any of the modes provided by law. No one of the defendants before the court was a resident of the county of the trial or a party to the note or obligation which was the foundation of the action, nor, as alleged, was any of the property upon which appellees sought to establish a lien situated in the county of the trial or by attachment or otherwise brought under the court's jurisdiction. How, then, as against a protesting defendant, could the court have lawfully proceeded? The asserted lien against the property of appellant was ancillary only—an incident merely of the suit upon the note which constituted the basis of the proceedings—and the dependent issue necessarily failed when the only obligor therein was in effect dismissed by appellees' declared election to proceed with the trial without any character of citation or notice to the maker of the note. There is a class of cases specified by our statute in which parties secondarily liable may be sued without the necessity of joining the principal obligor, or in which, if sued, the principal obligor may be dismissed from the suit on the ground, among others, that he has become a nonresident. But these are all cases where the surety, indorser, or guarantor, as the case may be, have become personally, though secondarily, liable on the obligation itself. See Rev. St. arts. 312, 1203, 1257, 1259. The last three of the cited articles are as follows: Article 1203: "The acceptor of any bill of exchange or any other principal obligor in any contract, may be sued either alone or jointly with any other party who may be liable thereon; but no judgment shall be rendered against such other party not primarily liable on such bill or other contract, unless judgment shall have been previously, or shall be at the same time, rendered against such acceptor or other principal obligor, except where the plaintiff may discontinue his suit against such principal obligor as hereinafter provided." Article 1257: "Where a suit is discontinued as to a principal obligor, no judgment can be rendered therein against an indorser, guarantor, surety or drawer of an accepted bill who is jointly sued, unless it is alleged and proven that such principal obligor resides beyond the limits of the state, or in such part of the same

that he cannot be reached by the ordinary process of law, or that his residence is unknown and cannot be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent." Article 1259: "The court may permit the plaintiff to discontinue his suit as to one or more of several defendants who may have been served with process, or who may have answered when such discontinuance would not operate to the prejudice of the other defendants; but no such discontinuance shall in any case be allowed as to a principal obligor, except in the cases provided for in article 1257." Other than as provided in these articles, we know of no rule which in this state authorizes the prosecution of a suit to judgment against mere sureties without at the same time making the principal obligor a party, and it is evident from a reading of the articles alone that, as before stated, they refer only to parties secondarily liable upon the instrument declared upon. See, also, Muenster v. Tremont Nat. Bank, 92 Tex. 422, 49 S. W. 362. In the case we have before us neither appellant nor any one of the other defendants are parties to the instrument sued upon, or personally liable in any sense. As to them, the only charge is that they assert some claim to property upon which the plaintiff seeks to foreclose a lien. Under the circumstances stated, we do not think the suit can lawfully proceed to judgment without Hill being made a party by citation or notice in some one of the modes familiar to a reader of our statutes.

For the errors discussed, it is ordered that the judgment against appellant be reversed, and the cause remanded.