RANDALL *et al. v.* GUNTER.

(Division B.   March 7, 1938.)

[179 So. 362.   No. 33097.]

Sturdivant & Holloman, of Columbus, for appellants.

W. L. Sims, of Columbus, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Suit was brought in the circuit court of Lowndes county by appellee, as administrator of the estate of H. H. Gunter, deceased, against J. M. Holloway and appellants, O. S. Randall and E. Randall, on a promissory note of $200, executed by Holloway and the Randalls and payable to the order of the deceased. There was a judgment by default against all the makers of the note, from which appellants appeal, Holloway not joining therein. Judgment by default was taken at a time when there was on file and undisposed of a plea of the general issue with notice of payment by all the defendants. A judgment by default where there is a plea on file presenting a valid defense is erroneous. McIntosh v. Munson Road Machinery Co., 167 Miss. 546, 145 So. 731; Dalton v. Rhodes Motor Co., 153 Miss. 51, 120 So. 821; Hambrick v. Dent, 70 Miss. 59, 11 So. 608; Biloxi Lumber & Export Co. v. New Orleans Ry. & Mill Supply Co., Miss., 28 So. 21; Beard v. Orr & Lindsey Shoe Co., Miss., 8 So. 512; Selser v. Wilkinson, 1 Miss., Walk., 108; Rowley v. Cummings, 9 Miss. 340, 1 Smedes & M. 340; Kidd v. Harris, 30 Miss. 396; Taylor v. McNairy, 42 Miss. 276; Shirley v. Conway, 44 Miss. 434; Dean v. McKinstry, 2 Smedes & M. 213.

Appellee undertakes to justify the judgment upon the ground that Holloway was the principal maker of the note and appellants were only indorsers, and that the failure of the principal maker to move for a new trial or prosecute an appeal was a waiver of the defense set up in the plea and notice thereunder, binding on appellants as well as on the principal maker. In the first place, appellants appear on the note, not as sureties, but as principal makers with Holloway; but conceding that they were sureties, for the sake of the argument, the contention is without merit—the defense was payment of the note. If it was paid, there was no liability on the part

of either the principal or the sureties, and by no move or failure to move in the case could the principal make the sureties liable.

Reversed and remanded.