FAIRCHILD, D.B.A. FAIRCHILD MOTORS *v.*
GENERAL MOTORS ACCEPTANCE CORP.

No. 43624          October 18, 1965          179 So. 2d 185

*H. K. Van Every,* Columbus, for appellants.

*W. H. Jolly,* Columbus, for appellee.

SMITH, J.

The appellant, Marion Fairchild, d/b/a Fairchild's Motors, employed an attorney to defend an action brought against him by appellee, General Motors Acceptance Corporation, in the Circuit Court of Lowndes County.

The attorney prepared for his client and filed in the case a special demurrer and an answer to the declaration. These pleadings became the pleadings of the defendant in the case and were official records of the circuit court.

Appellant failed to pay his attorney the fee due him for services rendered. On the first day of the September term the attorney wrote to the appellant and advised him that the case was set for trial on the following day. This letter reached appellant on the afternoon of that day. In the letter, the attorney directed the appellant's attention to the fact that his fee had not been paid and that "unless you make some arrangements to the contrary, I am certain he (plaintiff) will take a judgment against you on Tuesday."

When the case was called, the attorney announced to the court that his fee had not been paid him; that he withdrew as counsel for appellant; and, that he withdrew appellant's answer which had been filed previously. The appellant was not present and had not been notified that this action was contemplated by his attorney. Reasonable notice to the party was essential. Blackwell v. Midland Federal Sav. & Loan Ass'n., 132 Colo. 45, 284 P. 2d 1060 (1955); Parks v. Coyne, 156 Mo. App. 379, 137 S. W. 335 (1911).

Following this announcement, appellant was called and having failed to answer was declared to be in default. The next day an order was entered overruling the demurrer and a default judgment was entered citing the

default of the appellant on the previous day and the withdrawal of appellant's answer by his attorney.

■■ An attorney has charge of his client's case, and ordinarily his acts in respect thereto bind the client. However, pleadings actually filed in court by a party, although prepared by his attorney, are the pleadings of the party. ■■ The pleadings are not subject to the unrestricted discretion of the attorney so as to permit their withdrawal by the attorney upon nonpayment of his fee. ■■ If the attorney's fee remains unpaid, he has a valid cause of action against his client for the debt. Moreover, in a proper case, with the consent of the court and after fair warning to his client of his intention to do so, he may withdraw and be relieved of his obligation to defend or prosecute the case further. Both reasonable notice to the client and permission of the court are essential. Miss. Rules of Professional Conduct, No. 44 (1962), 33 Miss. L. J. 461 (1962); 7 Am. Jur. 2d, *Attorneys at Law*, §§ 143, 144, 145, 221, 222 (1963).

■■ But such withdrawal is prospective. It does not erase those steps in the proceedings already taken.

**(Hn 6)** Amended pleadings may be filed, of course, which may completely supersede or replace pleadings previously filed; but, even so, the latter remain official parts of the court record and are not subject to withdrawal by an attorney.

■■ In the case before the court here, the appellant's answer was on file and its withdrawal was coincident with the attorney's withdrawal from the case. If it were conceded that so long as the attorney continued to represent his client he might withdraw his client's pleadings, such authority would not survive the termination of the relationship. ■■ The withdrawal of appellant's pleadings without his knowledge or consent, when the case was set for trial and the appellant

was absent, had the effect of depriving appellant of a substantial right.

The attorney was without power to withdraw his client's pleadings under the circumstances in the record, and such attempted withdrawal was wholly ineffectual to remove the pleadings from the file.

49 C.J.S. Withdrawal of Appearance § 197 (1947) states:

". . . However, the withdrawal of the attorney's appearance after the filing of a plea does not withdraw the plea so as to justify a judgment by default; and, where an attorney abandons his client's cause without notice, the client should be given a reasonable time to secure other counsel before judgment is taken against him by default."

Muenster v. Tremont Nat. Bank, 92 Tex. 422, 49 S. W. 362 (1899).

Since appellant's answer had been duly filed and had not been stricken by an order of the court, and no ground for striking it appearing in the record, judgment by default should not have been entered against appellant. Randall v. Gunter, 181 Miss. 332, 179 So. 362 (1938).

Upon learning of the action taken, appellant promptly employed another attorney and during the term duly moved to set aside the default judgment. This motion should have been sustained.

Reversed and remanded.

*Ethridge, P. J., Rodgers, Jones and Patterson, JJ.,* concur.