911 So.2d 569 (2005)
Ron PARMLEY d/b/a A Classic Wrecker, Appellant,
v.
84 LUMBER COMPANY, Millcreek Trucking Company, Inc., Jason Gartman and Tim Gaffney, Appellees.
Ron Parmley d/b/a A Classic Wrecker, by and through Counsel, Appellant,
v.
84 Lumber Company, Millcreek Trucking Company, Inc. and Jason Gartman, Appellees.
Nos. 2003-CA-02494-COA, 2002-CA-00937.
Court of Appeals of Mississippi.
May 3, 2005.
Rehearing Denied July 26, 2005.
Certiorari Denied September 29, 2005.
*570 Michael C. Hill, Gulfport, attorney for appellant.
W. Jeffrey Collier, Ridgeland, Brenda B. Bethany, C. Michael Ellingburg, Jackson, G. Todd Burwell, Ridgeland, attorneys for appellee.
Before KING, C.J., CHANDLER and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Ron Parmley appeals an order entered by the Circuit Court of Harrison County enforcing a settlement agreement between Parmley and 84 Lumber Company, Millcreek Trucking Company, Inc., Jason Gartman, and Tim Gaffney. Aggrieved by the trial court's decision, Parmley has appealed and the cases have been consolidated for appellate purposes. On appeal, Parmley raises the following issues which we quote verbatim:
I. The trial court erred in finding the documents the Defendants contend were a settlement of the case were sufficient to establish a settlement was reached between the Plaintiff and the Defendants.
II. The trial court erred in finding that Woodrow W. Pringle, III had authority to settle claims of the Appellant.
III. Current case law making a settlement binding on the parties before the releases are signed is against public policy and should be reversed.

FACTS
¶ 2. Ron Parmley agreed to perform hauling services for various 84 Lumber Stores. The agreements were entered into on September 8, 1994; October 31, 1994; November 1, 1995; November 16, 1995; July 11, 1996; and August 12, 1996. Each of these agreements stated that 84 Lumber could terminate the agreement for any reason by giving fifteen days' notice. The provision read as follows:
VII. MISCELLANEOUS
E. 84 reserves the right to terminate this Agreement for any reason whatsoever with or without cause by giving fifteen (15) days written notice of such termination to Contractor at the address listed above.
...
G. The entire agreement of the parties is set forth in this written document and there are no other oral or written understandings, promises, representatives or *571 agreements. This Agreement cannot be modified or amended except by a written document signed by both parties; and this Agreement shall supersede all previous communications, representations, or agreements, either verbal or written between the parties hereto.
¶ 3. According to Parmley, the last agreement was terminated in 1998, after which 84 Lumber entered into hauling agreements with Millcreek Trucking Company, Inc., Jason Gartman, Tim Gaffney, and G & S Transportation, Inc.
¶ 4. On September 30, 1999, Parmley filed a complaint for breach of contract against 84 Lumber Company, Millcreek Trucking Company, Inc., Jason Gartman, and Tim Gaffney in the Harrison County Circuit Court. On October 16, 2001, Parmley filed an amended complaint alleging a breach of contract and tortious interference with a contract.
¶ 5. On January 31, 2002, Parmley's attorney sent a letter to 84 Lumber and Gaffney's attorney, offering to settle the matter for $18,000. According to Parmley, this offer was made without his permission.
¶ 6. On February 4, 2002, Parmley's attorney sent an e-mail to 84 Lumber's attorneys indicating that Parmley would agree to settle his claims against 84 Lumber and Gaffney for $9,000. On February 5, 2002, Parmley's attorney sent a facsimile stating: "This will confirm that Mr. Parmley has settled his claim against 84 Lumber and Tim Gaffney for the sum of $9,000.00. This does not release the other defendants. Any claim of respondent superior [sic] based upon the remaining defendants against 84 Lumber Company will be dismissed. This will also confirm that Mr. Gaffney's deposition is canceled."
¶ 7. On February 12, 2002, counsel for 84 Lumber and Gaffney forwarded to Parmley's attorney (1) receipt, release and settlement agreement, (2) check in the amount of $9,000 made payable to Ron Parmley, W.W. Pringle, III and Ben F. Galloway, and (3) a final judgment of dismissal with prejudice of 84 Lumber and Tim Gaffney. The letter also advised Parmley's attorney to "hold the check in trust until the Receipt, Release and Settlement Agreement and Order of Dismissal have been executed and returned to me."
¶ 8. On February 19, 2002, counsel for Gartman sent a letter to Parmley's attorney confirming that the matter had been resolved for $2,000, along with "a proposed full, final and absolute release and agreed order of dismissal." On February 27, 2002, counsel for Millcreek Trucking and Gartman sent (1) original absolute, full and final release, (2) original agreed order of dismissal with prejudice, and (3) Charles Gartman's settlement check in the amount of $2,000. Gartman's attorney also requested that Parmley's attorney hold the settlement check in trust until Parmley had signed the above forms.
¶ 9. On April 1, 2002, Parmley's attorney sent a letter to counsel for 84 Lumber and Gaffney indicating that Parmley declined to sign the settlement documents. On the same date, counsel for Parmley filed a motion to withdraw as counsel. The circuit court granted that motion on April 16, 2002.
¶ 10. On April 19, 2002, counsel for 84 Lumber and Gaffney filed a motion to enforce settlement. Gaffney and 84 Lumber argued that the e-mail and the facsimile sent by counsel for Parmley would show that Parmley, through his attorney, agreed to settle his claims.
¶ 11. On May 6, 2002, a hearing was held on the motion to enforce settlement. At the hearing, Parmley denied having agreed to any settlement or having authorized his prior attorney to settle the case on *572 his behalf. On May 16, 2002, the circuit court judge granted the motion to enforce settlement and dismissed the case with prejudice.

Standard of Review
¶ 12. "`A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,' and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence." Wilson v. Greyhound Bus Lines, Inc., 830 So.2d 1151(¶ 9) (Miss.2002). "This Court will not disturb those findings unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Id.

ISSUES AND ANALYSIS

I. & II.

Whether Parmley's previous attorney had the authority to settle the claim on Parmley's behalf.
¶ 13. Because Parmley's issues I and II are so interwoven, this Court has combined them.
¶ 14. Parmley contends that the e-mail and facsimile were not sufficient to establish that the parties had agreed to a settlement of this case. Settlements are contracts, which are enforceable according to their terms. McManus v. Howard, 569 So.2d 1213, 1215 (Miss.1990). "In order for there to be a settlement there must be a meeting of the minds." Hastings v. Guillot, 825 So.2d 20(¶ 12) (Miss.2002). "Mississippi law requires the party claiming benefit from the settlement must prove by a preponderance of the evidence that there was a meeting of the minds." Id.
¶ 15. That agreement may be established by the actions of the parties, or that of their respective agents. Bailey v. Worton, 752 So.2d 470(¶ 8) (Miss.Ct.App.1999). There was no suggestion that Parmley personally agreed to a settlement, therefore the question before the trial court, and now this Court, was whether an agent of Parmley, acting with actual or apparent authority, agreed to a settlement of this case.
¶ 16. On behalf of his client, Parmley's prior attorney extended unconditional written offers of settlement to 84 Lumber Company, Millcreek Trucking, Gartman and Gaffney. These offers were extended by either letter or e-mail. The e-mail sent on February 4, 2002 to the attorney for 84 Lumber and Gaffney stated, "My client will agree to settle his claims against 84 Lumber and Mr. Gaffney for $9,000.00. This will only release these Defendants. We will release 84 Lumber from all claims against the remaining Defendants. This would also require 84 Lumber dismiss its appeal of the District Court decision. Please advise whether or not this is acceptable."
¶ 17. This offer was apparently accepted by 84 Lumber and Gaffney. That acceptance was confirmed by facsimile transmission from Parmley's prior attorney, which stated, "This will confirm that Mr. Parmley has settled his claim against 84 Lumber and Tim Gaffney for the sum of $9,000.00. This does not release the other defendants. Any claim of respondent superior [sic] based upon the remaining defendants against 84 Lumber Company will be dismissed. This will also confirm that Mr. Gaffney's deposition is canceled." On February 12, 2002, in reliance on the representation of settlement from Parmley's attorney, 84 Lumber and Gaffney sent to him a release and check for $9,000.
¶ 18. By letter to Parmley's attorney, dated February 19, 2002, the attorney for Millcreek Trucking and Gartman agreed to pay $2,000 in settlement of the claims *573 against them. This agreement was confirmed on February 20, 2002, by facsimile transmission from Parmley's attorney. In reliance on this settlement agreement, Millcreek Trucking and Gartman sent to Parmley's attorney a check for $2,000 and a release.
¶ 19. An attorney is presumed to have the authority to speak for and bind his client. Fairchild v. General Motors Acceptance Corp., 254 Miss. 261, 265, 179 So.2d 185, 187 (1965). Whether or not the attorney has agreed to a settlement on behalf of the client is a question of fact. Bailey, 752 So.2d at (¶ 12). The trial judge as trier of fact found that Parmley's attorney did extend offers of settlement on behalf of his client, which were accepted by the Appellees. There is substantial credible evidence in the record to support that finding.
¶ 20. Accordingly, this Court affirms the decision of the trial court.

III.

Whether current case law making a settlement binding on the parties before the releases are signed is against public policy and should be reversed.
¶ 21. Parmley asks this Court to hold that as a matter of public policy no settlement can exist until a release has been signed. A settlement is a contract and is judged by principles of contract law. In re Estate of Davis, 832 So.2d 534(¶ 9) (Miss.Ct.App.2001). The law of this State recognizes both oral and written contracts. Murphree v. W.W. Transp., 797 So.2d 268(¶ 13) (Miss.Ct.App.2001). This court finds no merit in that request.
¶ 22. "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." D.H. Overmyer Co. v. Loflin, 440 F.2d 1213, 1215 (5TH Cir.1971); Hastings, 825 So.2d at (¶ 24); Kohler v. Oliver, 114 Miss. 46, 48-49, 74 So. 777, 777 (1917).
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.