BARNES, J.,
for the Court:
¶ 1. Phillys Ann Mills Carson (Mills) appeals from the order of the DeSoto County Circuit Court mandating she sign a settlement agreement in her personal-injury case that was agreed to by her attorney. Finding no error or abuse of discretion, we affirm.
FACTS
¶ 2. Mills was injured when a Southern Computer Services Inc. (Southern Computer) company truck, di’iven by Donald K. Sowell, crashed into her vehicle. Her chiropractor, Dr. Steven Tencer, referred her to an attorney, David L. Walker (Walker). Progressive Gulf Insurance Company handled Mills’s claim for damages on behalf of Southern Computer. Mills filed a complaint against Sowell and Southern Computer, but there was no service of process.
¶ 3. Mills received and rejected four settlement offers presented to her by Walker — one for $8,972; one for $11,288; one for $13,000; and one for $18,000. According to Walker, he sent a letter to Mills for each of these settlement offers and was authorized to accept a settlement on her behalf between $18,000 and $25,000.
¶ 4. When Walker accepted a settlement for $19,000, Mills refused to sign the settlement agreement documents, and Walker filed a motion to enforce the settlement. Mills claimed that the $19,000 settlement was not authorized by her. She stated that she was not aware of the settlement until she received a call from her chiropractor thanking her for paying the bill. The DeSoto County Circuit Court granted Walker’s motion on October 8, 2009, ordering Mills to accept the settlement. During the motion hearing and on appeal, Mills argues that she was overcharged by her chiropractor or was not treated on the days the chiropractor alleged.
STANDARD OF REVIEW
¶ 5. In determining whether a trial court erred in enforcing a settlement agreement, this Court must determine whether the findings were clearly erroneous or there was an abuse of discretion. Ill. Cent. R.R. v. McDaniel, 951 So.2d 523, 526 (¶ 7) (Miss.2006). “Abuse of discretion is found when the reviewing court has a ‘definite and firm conviction’ that the court below committed a clear error of judgment [in] the conclusion it reached upon a weighing of the relevant factors.” Id. (quoting Howard v. TotalFina E & P USA, Inc., 899 So.2d 882, 888 (¶ 17) (Miss.2005)).
DISCUSSION
¶ 6. The trial court found, under Parmley v. 84 Lumber Co., 911 So.2d 569 *844 (Miss.Ct.App.2005), that Walker had the authority to bind Mills to the settlement agreement.[1] In Parmley, this Court stated that “[a]n attorney is presumed to have the authority to speak for and bind his client.” Id. at 578 (¶ 19) (citing Fairchild v. Gen. Motors Acceptance Corp., 254 Miss. 261, 179 So.2d 185, 187 (1965)). We further held:
Whether or not the attorney has agreed to a settlement on behalf of the client is a question of fact. The trial judge as trier of fact found that Parmley’s attorney did extend offers of settlement on behalf of his client, which were accepted by the Appellees. There is substantial credible evidence in the record to support that finding.
Id. (internal citation omitted).
¶ 7. As the Mississippi Supreme Court recently found in Illinois Central Railroad Co. v. Byrd, 44 So.3d 943, 947 (¶ 9) (Miss.2010):
A review of this Court’s cases reveals that trial judges presented with motions to enforce settlement agreements customarily make findings of fact related to the existence and/or terms of the settlement agreements as necessary to rule on the motions to enforce settlement. Further, this Court has not found such trial-court action to be improper. See, e.g., Ill. Cent. R.R. v. McDaniel, 951 So.2d 523, 525-26 (Miss.2006) (trial judge made findings of fact in deciding plaintiffs’ motion to enforce settlement agreement); Howard v. TotalFina E & P USA, Inc., 899 So.2d 882, 888-89 (Miss.2005) (trial judge made findings of fact regarding existence of a settlement agreement in denying plaintiffs motion to enforce settlement agreement); Tupelo Redevelopment Agency v. Abernathy, 913 So.2d 278, 282-85 (Miss.2005) (trial judge made findings of fact in denying defendant landowners’ motion to enforce settlement agreement); WRH Props., Inc. v. Estate of Johnson, 759 So.2d 394, 395 (Miss.2000) (trial judge made findings of fact regarding existence of a settlement agreement in granting defendant’s motion to enforce settlement agreement).
Here, it is undisputed that Walker was acting as Mills’s attorney at the time he accepted the settlement offer on her behalf. In making its decision, the trial court noted that testimony of Mills’s refusal to sign the settlement was “regarding the chiropractor and his bill.” The trial court found that the testimony supporting the settlement was “more credible, persuasive and in conformity with the proof presented.” These findings are not clearly erroneous or an abuse of discretion. Accordingly, we affirm the trial court’s judgment.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.

. The court also relied upon Harmon v. City of Southaven, 2009 WL 262064 (N.D.Miss.2009), which cites Parmley.