SMITH *v*. YOUNG *et al.*

(In Banc. Feb. 11, 1946. Suggestion of Error Sustained in Part March 11, 1946.)

[24 So. (2d) 746. No. 55986.]

(In Banc.　March 11, 1946.)

[25 So. (2d) 136.　No. 35986.]

660

**L. F. Easterling, Earle N. Floyd** and **J. E. Skinner,** all of Jackson, for appellant.

**Watkins & Avery** and **Geo. S. Hamilton,** all of Jackson, for appellee.

**Alexander, J.,** delivered the opinion of the court. .

Appellant was the owner of an unexpired 99-year lease upon rural lands in a sixteenth section. The lease expired March 31, 1945. On May 23, 1942, Smith sold the lease to one Roots. In the fall of 1944, the board of supervisors and the county superintendent of education, through whom the leasing of such school lands is handled, inspected and appraised the lands here involved, together with other lands in the sixteenth section, with a view to the negotiation of new leases. To this end they consulted with Roots, whose ownership of the lands in question was verified from the assessment rolls.

After due consideration of the terms of the renewal, Roots decided that he did not care to renew the lease and so advised the superintendent of education. A renewal lease for four and three-fourth years was thereupon executed on February 6, 1945, in favor of the appellee, Young who was the first applicant therefor. Eight days later, Smith procured a reconveyance to him of the lease by Roots in lieu of a foreclosure of a purchase money deed of trust executed by Roots at the time of his purchase.

Shortly prior to the expiration of the existing lease, Young advised Smith of his ownership of the renewal and requested access to the premises with a view to making certain repairs and the like. Such request was vehemently refused by Smith, who shortly thereafter filed suit against Young, the board of supervisors and T. H. Naylor, the County Superintendent of Education.

Appellant's bill asked the following relief: (1) setting aside the proceedings by the board with mandatory injunction to compel reopening of the matter of renewal; (2) that Young be held as constructive trustee of the

lands for the benefit of Smith; (3) an injunction restraining Young from interfering with Smith's occupancy and use of the property; and (4) an alternative prayer for award of the value of improvements erected by Smith. The prohibitory injunction was granted.

Upon the hearing of the whole matter, the chancellor dissolved the injunction, dismissed the bill and awarded Young damages by way of solicitor's fees in the sum of seventy-five dollars.

Smith appeals, and Young files his cross-appeal assigning as error the failure of the trial court to award him damages occasioned by his loss of the use of the property from and after March 31, 1945.

Under Section 6611, Code 1942, a lessee of sixteenth section lands within a municipality is given priority in the renewal of the lease. There is no such right granted to owners of such leaseholds outside of a city, town, or village. Section 6609, Code 1942.

We need not follow the arguments based respectively upon the contention that the actual owner of the lease, Roots, waived any rights, if such existed, and the opposing contention that Smith became, by subsequent reconveyance to him, the owner of the unexpired lease. Nor need we examine the effect of the informal Declaration of Policy which had been formulated by the board but never spread upon its minutes, pursuant to which the board was to favor the owner in negotiating a renewal. It is sufficient that Smith had no enforceable right to demand a renewal in his name. We find in the record no equitable basis for the recognition of a right which the law had not vouchsafed.

The rights of both Smith and Young to damages are settled by Waldauer v. Parks, 141 Miss. 617, 106 So. 881. It is there laid down that one who erects improvements upon the lands of another, absent estoppel or other equitable rights, has no right to remove them. The exception noted with reference to the conventional relation of landlord and tenant goes no further than a recognition of the

right of a tenant before expiration of his lease to remove structures designed for the purposes of trade and for the tenant alone. Neither of these elements is here present.

Under Young's cross-appeal, he complains of the failure of the trial court to award him damages under the injunction, including loss and use of the property and a residence thereon. The testimony showed without contradiction that he was compelled to pay a monthly rental of twenty dollars which would have been avoided had he not been enjoined from occupying the premises he had leased. He files a conditional waiver of actual damages provided we uphold the award to him of counsel fees.

Solicitors' fees are not properly awarded where the injunction, as here, is ancillary to other relief asked, and where the entire matter is heard upon the merits. Capital Electric Power Association v. Franks, 199 Miss. 226, 23 So. (2d) 922. We are without power to transfer this award as a credit upon actual damages sustained, which latter are for the determination of the trial court. The denial by the learned chancellor of any actual damages, in view of the uncontradicted testimony of Young that he had sustained some damage, was contrary to the evidence.

Affirmed on direct appeal and reversed and remanded on cross-appeal.

**Alexander, J.,** delivered the opinion of the court on suggestion of error.

### ON SUGGESTION OF ERROR.

Appellants suggests that the order entered in this cause is inconsistent with the language and findings of the opinion. It is urged that since we reversed the allowance by the trial court of solicitors' fees, the cause at least to this extent should have been reversed.

Appellant's brief was concerned chiefly with the merits of the case. Solicitors' fees were not mentioned nor dis-

666

cussed, and upon the main issue raised by the appellant the chancellor's finding was affirmed. However, the fact remains that the order entered here merely affirms the cause on direct appeal. Consistency with the language and purpose of the opinion requires that the order be corrected so as to affirm the cause upon the merits, but reverse same upon the allowance of solicitors' fees, and remand for hearing solely upon the issue of actual damages to the appellee Young, arising out of denial of possession of the property involved.

So ordered.