821 So.2d 129 (2000)
Pashun ROBINSON and Shirley Robinson, Appellants,
v.
James C. LEE, Appellee.
No. 98-CA-00568-COA.
Court of Appeals of Mississippi.
October 10, 2000.
Rehearing Denied January 16, 2001.
*130 John F. Ketcherside, Bay St. Louis, Attorney For Appellants.
Robert W. Atkinson, Gulfport, James (Jay) R. Foster, II, Jeanne Claire Williams, Attorneys For Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
KING, P.J., for the Court:
¶ 1. Shirley Robinson, on behalf of her minor son, Pashun Robinson, appeals the Hancock County Circuit Court jury's verdict awarding Pashun $1250 for injuries which he received in a bicycle-vehicle accident. Finding error, we reverse.

FACTS[1]
¶ 2. Robinson and a friend were riding their bicycles on a highway near Catahoula, Mississippi. While on his bicycle, Robinson crossed the highway to ride in the easterly lane. At about the same time, James C. Lee, driving a truck, traveled over a hill approaching Robinson from behind. In the opposite direction, driving towards Robinson and Lee, was Earl Cuevas, also in a truck. Lee claims that as his vehicle approached Cuevas's truck, he did not see Robinson riding on the roadside. As the two vehicles were about to pass one another, Lee's vehicle struck Robinson, who was thrown off of his bicycle.
¶ 3. Robinson in his appellate court brief, alleges injuries which resulted in medical bills of $2500. At the conclusion of trial, the jury found for Robinson and awarded him $1250 in damages. After post-trial motions were denied, Robinson instituted this appeal.

ISSUES
¶ 4. The assignments of error raised by Robinson, taken verbatim from his brief, are as follows:
I. THE COURT REFUSED TO PROVIDE PLAINTIFF'S JURY INSTRUCTION P-12 WHICH WOULD HAVE PROPERLY INSTRUCTED THE JURY ON THE LAW REGARDING CHILDREN OF TENDER YEARS ON OR NEAR A ROADWAY, REQUIRING A HIGHER DEGREE OF CARE FROM DEFENDANT LEE AND WHICH WOULD HAVE RESULTED IN A JURY VERDICT FULLY IN FAVOR OF PLAINTIFF IN A PROPER AMOUNT OF DAMAGES.

*131 II. THE COURT IMPROPERLY GAVE DEFENDANT'S JURY INSTRUCTION D-5 REGARDING "DARTING OUT" WHICH IS IN CONFLICT WITH THE LAW OF THE STATE OF MISSISSIPPI AND WHICH MISLED THE JURY AND RESULTED IN A JURY VERDICT MUCH LOWER THAN THAT WHICH WOULD HAVE BEEN RETURNED WITHOUT SUCH INSTRUCTION.
III. THE COURT ALLOWED THE VIDEOTAPED DEPOSITION OF EARL CUEVAS, DEFENDANT'S ONLY CORROBORATING WITNESS, TO BE PLAYED BEFORE THE JURY, NOTWITHSTANDING THE FACT THAT NO SHOWING WAS MADE AS TO THE AVAILABILITY OF DECLARANT WHEN THIS WITNESS SIMPLY FAILED TO APPEAR AT THE TRIAL OF THIS MATTER PURSUANT TO A LAWFULLY SERVED SUBPOENA, WHICH DEPOSITION TESTIMONY WRONGFULLY INFLUENCED THE JURY AND DAMAGED PLAINTIFF.

DISCUSSION

I. Proposed Jury Instruction P-12.
¶ 5. Robinson offered the following jury instruction at trial which was denied by the trial court:
The operator of a motor vehicle who observes a child of tender years near the roadway has a duty to anticipate that the child might move on to [sic] the roadway, and must take measures reasonably calculated to prevent injuring the child.
Therefore, if you find from a preponderance of the evidence in this case that:
1. The defendant, James C. Lee, observed or should reasonably have observed the child, Pashun Robinson, along Highway 43, and
2. The defendant failed to take measures reasonably calculated to prevent injuring the child, and
3. The defendant's failure to take those measures was the sole proximate cause or proximate cause of child's injuries, then your verdict shall be fore the plaintiff.
However, if you believe that the plaintiff has failed to prove any one of these elements by a preponderance of the evidence in this case, then your verdict shall be for the defendant.
¶ 6. A party is entitled to a jury instruction regarding a genuine issue of material fact where there is credible evidence in the record supporting the proposed instruction. DeLaughter v. Lawrence County Hosp., 601 So.2d 818, 824 (Miss.1992). Further, a trial judge is authorized to grant a proposed jury instruction only where evidence has been presented at trial which supports the instruction. Copeland v. City of Jackson, 548 So.2d 970, 973 (Miss.1989).
¶ 7. Robinson asks us to hold the trial court in error for refusing to grant Instruction P-12, alleging there was sufficient evidence to support the instruction. Our dilemma here is that we are unable to evaluate the propriety of the trial court's decision because the record on appeal does not provide us with any testimony or evidence to support the granting of the instruction. As indicated, only portions of the trial were transcribed and provided as part of the appellate record. Included in the record on appeal was a transcript containing defense counsel's opening and closing statements, the testimony of Lee and the video deposition testimony of Cuevas. Having reviewed what was produced for us on appeal, we are unable find any evidence supporting Robinson's claim that he was a *132 child of tender years, the first question found in the first line of the offered jury instruction. Indeed, there is no evidence found in the appellate record addressing Robinson's age at the time of the accident.
¶ 8. "We may not act upon or consider matters which do not appear in the record and must confine ourselves to what actually does appear in the record." Myers v. Mississippi Farm Bureau Mutual Ins. Co., 749 So.2d 1173 (¶ 4) (Miss.Ct. App.1999). Accordingly, this issue is procedurally barred from our review.

II. "Darting Out" Instruction

¶ 9. Robinson complains that the trial court erroneously granted the following defense instruction:
If you find that the Defendant, James C. Lee, was driving his truck at a reasonable speed and was keeping a proper lookout, and that the Plaintiff suddenly darted out in front of James C. Lee so that he could not stop or avoid injury to the Plaintiff in the exercise of reasonable care, then your verdict must be for the Defendant, James C. Lee.
¶ 10. Robinson acknowledges that "the jury did not rule for Lee under this instruction," and argues that nevertheless the instruction prejudiced the jury. He asserts that the result of the jury viewing this instruction was its attributing to Robinson a higher percentage of fault. Finally, Robinson distinguishes this case on the basis that he did not "dart out" from "behind something" rather he simply crossed the highway.
¶ 11. As previously discussed, there is nothing in the record evincing Robinson's version of the facts. Lee testified that as he approached the boys on bicycles, they darted suddenly out into his lane and over to the side of the highway. This testimony is sufficient to support the defense's "darting out" instruction regarding the issue of whether or not Robinson darted out in front of the on-coming vehicle. However, we decline to rule on the standard of care involved because of an incomplete appellate record. Lee argues that the standard supplied by the "darting out" instruction is the proper standard by which he was and should have been adjudged. Robinson argues the opposite. Without a record from which we can delineate those facts that may or may not support the given instruction, we are unable to rule on the matter. Furthermore, we cannot rule on whether or not the jury was prejudiced by this instruction as we are not given facts sufficient to determine whether Robinson was prejudiced by the instruction.

III. Video Taped Deposition
¶ 12. In this last assignment of error, Robinson challenges the trial court's decision to allow the jury to view the video deposition of defense witness Earl Cuevas. Cuevas did not appear for trial. After attempting to find Cuevas during a break in trial, defense counsel announced that he was unable to locate Cuevas. It was explained outside the presence of the jury that defense counsel had obtained a video deposition of Cuevas after learning that Cuevas had had a heart attack, unrelated to, but after the accident which is the subject of this litigation. Defense counsel was concerned that Cuevas's health might prevent him from being present at trial.
¶ 13. Robinson cites to Mississippi Rule of Civil Procedure 32 in support of his argument that allowing the video tape to be heard by the jury was inappropriate. Mississippi Rule of Civil Procedure Rule 32(a) provides:
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that *133 the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) that the witness is a medical doctor or (F) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be so used.
¶ 14. At trial, the judge conducted a hearing on the issue of the deposition testimony in which Robinson argued that while he had been able to fully cross-examine the witness at the deposition, his absence at trial prohibited him from "vigorously" cross-examining him in front of the jury. In ruling that he would permit the jury to view the deposition, the judge noted that the primary reason defense counsel noticed and made a video taped recording of the deposition was because of the witness's health problems and in the event he would be unable to attend trial.
¶ 15. On appeal, Robinson argues that Cuevas did not fall under any of the guidelines for permitting his video taped deposition to be played in the jury's presence. He contends that no application or notice was provided to him that the taped deposition would be used at trial. Finally, he submits that allowing the video taped deposition of the defense's only witness to the accident stripped him of his fundamental right to present witness testimony orally and in open court.
¶ 16. The admission of deposition testimony is within the sound discretion of the trial court. Mutual Life Ins. Co. of New York v. Estate of Wesson, 517 So.2d 521 (Miss.1987) (citingRascon v. Hardiman, 803 F.2d 269 (7th Cir.1986)). Rule 32(a)(3)(D) provides that deposition testimony may be used at trial where "the party offering the deposition has been unable to procure the attendance of the witness by subpoena." M.R.C.P. (a)(3)(D). Rule 45(c) M.R.C.P. provides that the party serving a witness subpoena shall file proof of service with the clerk of the court issuing the subpoena.
¶ 17. Our review of the circuit clerk's docket sheet reveals that on September 8, 1997, a subpoena was issued for Earl Cuevas to appear as a witness in a trial to be held on November 17, 1997. The clerk's notation is that this subpoena was issued to Appellee's attorney. The actual trial of this case was had on December 8, 1997.
¶ 18. The clerk's docket sheet does not reflect proof of service of the September 8, 1997 subpoena on Earl Cuevas. Likewise the clerk's docket entries do not reflect the issuance of any subpoena for Earl Cuevas after September 8, 1997, nor do these entries reflect the issuance of any court order continuing in effect the September 8, 1997 subpoena for a November 17, 1997 trial date to the actual trial date of December 8, 1997. It must also be noted that there is no evidence in the record regarding the state of Cuevas's health at the time of trial. Nor is there any suggestion that any effort was made to determine the state of Cuevas's health at the time of trial. It is the responsibility of the party advocating a position to see that the official record transmitted to this Court, upon appeal, contains the relevant documents and testimony to support his position. M.R.A.P., Rule 10, Queen v. Queen, 551 So.2d 197, 201 (Miss.1989)
*134 ¶ 19. While the admission of evidence is within the discretion of the trial judge that discretion is not unfettered. It is especially not unfettered where the deposition of an absent witness is sought to be introduced pursuant to M.R.C.R, Rule 32(a)(3). The party offering the deposition must show that it fits into one of the stated exceptions. Mutual Life Ins. v. Estate of Wesson, 517 So.2d 521, 538, (Miss.1987)(citing Rascon v. Hardiman, 803 F.2d 269 (7th Cir.1986), citing United States v. Pelton, 578 F.2d 701, 708 (8th Cir.1978)). The record before this Court does not establish that the deposition of Cuevas met any of the 32(a)(3) exceptions. Where the exercise of the court's discretion is not supported by the evidence, this Court is obligated to find an abuse of discretion. Cavanaugh v. O'Connell, 732 So.2d 912, 915 (¶ 17) (Miss.1999).
¶ 20. Finding that the trial court abused its discretion in this matter, we reverse and remand for a new trial.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLEE.
BRIDGES, IRVING, LEE, MYERS, AND PAYNE, JJ., CONCUR. MOORE, J., DISSENTS WITH SEPARATE OPINION JOINED BY SOUTHWICK, P.J., AND THOMAS, J. McMILLIN, C.J., NOT PARTICIPATING.
MOORE, J., dissenting:
¶ 22. With all due respect, I must dissent from the holding of the Court reversing the case for a new trial.
¶ 23. The Mississippi Rules of Civil Procedure clearly allow for the use of deposition testimony when a witness is not available to testify. Rule 32(a)(3) gives the circumstances under which the court can allow the use of depositions. Whether to allow the deposition testimony is a matter of discretion with the trial court. Mutual Life Ins. Co. of New York v. Estate of Wesson, 517 So.2d 521, 538 (Miss.1987), citing Rascon v. Hardiman, 803 F.2d 269 (7th Cir.1986).
¶ 24. In this case, the defendant's only corroborating witness, Earl Cuevas, failed to appear at trial after having been served with subpoena. The videotaped deposition of Mr. Cuevas had been taken earlier. Mr. Cuevas had health problems and it was clearly stated by defense counsel that the deposition was taken in the event that Mr. Cuevas was unable to testify at trial.
¶ 25. In making the decision to allow the videotaped deposition, the court stated:
Rule 32 of the Rules of Civil Procedure governs the use of depositions. Rule 32(a)(3) state the circumstances by which the Court may allow a deposition in lieu of live testimony and (A) the witness is dead; (B) the witness is greater than 100 miles away from the trial; (C) that the witness is unable to attend or testify because of age, illness, infirmity or imprisonment; (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) that the witness is a medical doctor or (F) upon application and notice that such exceptional circumstances exist as to make it desirable in the interest of justice, with due regard to the importance of presenting the testimony, et cetera, to allow the deposition to be used.
Mr. Foster has represented to the Court that he did procure the attendance of the witness by subpoena, that the witnessthat the primary reason he deposed this witness is that he, subsequent to this incident, had sustained a heart attack and may have health problems to make him unavailable to testify.

*135 Mr. Foster has called the witness's residence and where he visits often and as of this moment he has not appeared. What I am going to do is, I am going to recess for a few minutes to allow Mr. Foster and Mr. Ketcherside to look around the courthouse to see if he is around, make another telephone call, and after five or ten minutes if he is not available, I do think circumstances are such that I should allow this testimony especially in light of the fact that Mr. Ketcherside did have the opportunity to freely cross-examine Mr. Cuevas.
I don't think there is any prejudice at all. So that is my ruling.
¶ 26. In arguing for reversal, the appellants argues that the use of the deposition "stripped him of the important right to `present the testimony of witnesses orally in open court.'" The problem with this argument is that Mr. Cuevas was not the plaintiffs' witness. The right that the plaintiffs had was to cross examine the opposing party's witnesses. In this case, the court specifically found that the plaintiff had the opportunity to freely cross examine the witness during the deposition.
¶ 27. The second part of the plaintiffs/appellants' argument is that the cross-examination would have been more aggressive if they had known that the deposition was going to be used for trial. In other words, with the benefit of twenty-twenty hindsight counsel would have conducted the cross examination differently. As stated by the court, the reasons for taking the deposition was clearly known to the parties and stated into the deposition and counsel had the opportunity to freely cross examine the witness.
¶ 28. The appellants' argument for reversal is solely based on the court have wrongly allowed the use of the deposition under part (F) of Rule 32(a)(3). They contend that no application or notice was provided that the deposition would be used at trial. However, any fair reading of the court's ruling is that parts (C) and (D) were considered, not (F). The appellee had used the subpoena power of the court, but "the party offering the deposition has been unable to procure the attendance of the witness by subpoena" The subpoena was ineffective in securing the presence of the witness. Mr. Cuevas was known to have health problems even if there was no evidence that this was the reason for his absence.
¶ 29. The majority of the Court devotes much of its argument to the question of whether the subpoena was served on Mr. Cuevas. This issue was never been raised or disputed by either party. As the appellants' brief states, "It is undisputed that Cuevas had been subpoenaed for the day of trial and simply failed to appear."
¶ 30. In Mutual Life Ins. Co. of New York, the appellant argued that it was prejudicial error to allow the admission of the deposition of Dr. Atkins since it was denied the right to cross-examine him at trial and because the appellee failed to exercise due diligence in procuring Dr. Atkins' attendance at trial. Mutual Life Ins. Co. of New York, 517 So.2d at 537. The court noted that even though the lower court did not find due diligence that "the argument and brief of MONY did not inform or indicate to the Court any benefit it would have received from Dr. Atkins's presence, nor does MONY state any prejudice by the use of the deposition.... Therefore we are of the opinion that in the absence of prejudice, failure to procure the presence of Dr. Atkins at trial does not constitute reversible error." Id. at 538 (emphasis added). See also Allgeier v. U.S., 909 F.2d 869, 876 (6th Cir.1990) ("Moreover, even if we find that the trial court abused its discretion, we will find the error to be harmless unless it affected substantial rights of the complaining party."); *136 Rascon, 803 F.2d at 277 (rejecting claim of prejudice from admission of deposition testimony, in part because appellant had opportunity to question witness at time of deposition).
¶ 31. To go further, I believe that the court would have abused its discretion if it had not allowed the use of the deposition under these circumstances. The absent witness was the defendant's only corroborating witness. Despite being subpoenaed, the witness failed to appear without any indication of failure on the part of the appellee to exercise due diligence in procuring his attendance. The plaintiff's right of confrontation was preserved and, because this was a videotaped deposition, the jury had the benefit of observing the witness' demeanor during direct examination and cross examination. While it would have been preferable to have the witness in open court, there was, as found by the trial judge, no prejudice to the appellants. Consistent with the holding in Mutual Life Ins. Co. of New York, there can be no finding of reversible error. I, therefore, dissent.
SOUTHWICK, P.J., AND THOMAS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] A transcript of testimony presented at trial on behalf of Robinson was not made part of the record on appeal. The portions of trial transcribed and contained in the record on appeal include defense counsel's opening and closing statements, Lee's testimony and the video deposition testimony of Earl Cuevas.