860 So.2d 847 (2003)
Oliver WILLIAMS and Minnie Williams, Appellants,
v.
Charles KING, Willie Earl Wooten and Annie Stewart, Appellees.
No. 2002-CA-01239-COA.
Court of Appeals of Mississippi.
December 2, 2003.
*848 Orbie S. Craft, Brandon, attorney for appellant.
Christopher A. Tabb, Brandon, attorney for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Oliver and Minnie Williams commenced a lawsuit against Charles King and two other individuals, asserting claims for adverse possession, prescriptive easement, interference with use and quiet enjoyment, slander of title, to cancel cloud on title and for monetary damages. The chancellor determined that the issue of ownership was not before the court, there was no slander of title, and Oliver and Minnie were not entitled to damages. On appeal, we find that the chancellor correctly decided several claims, but erred in not considering Oliver and Minnie's claim for interference with the use and quiet enjoyment of their property. Therefore, we affirm in part and reverse and remand in part for further proceedings.

FACTS
¶ 2. Oliver and Minnie Williams served the complaint and summons on Charles King, Willie Earl Wooten, and Annie Stewart. Only Charles King answered the complaint and filed a counterclaim for attorney's fees and costs. A default judgment was entered against Wooten and *849 Stewart. However, the chancellor entered no judgment or granted no relief against Wooten and Stewart. A trial was held as to the claims against King.
¶ 3. Oliver Williams testified that King placed his dog near the gate at the entrance of Oliver and Minnie's residence. Oliver testified that the dog was aggressive and frightened his child and visitors to his home. Oliver wanted to put up a fence along his property line to keep the dog from entering his property or frightening his family and guests. Oliver testified that King threatened to tear down the fence if Oliver built it.
¶ 4. Ronnie Ray Moore, a deputy with the Rankin County Sheriff's Department, was called to a disturbance at Oliver and Minnie's residence. He testified that King claimed that Oliver was "building a fence on my [King's] property." Moore also testified that King said that if Oliver built the fence, he would tear it down.
¶ 5. Charles Craft testified as an expert land surveyor. Craft testified that he surveyed Oliver and Minnie's property, according to the land description in their deed. Based on the survey, the doghouse was situated on the Kings's property, and the fence, if constructed, would have been located on the property line.
¶ 6. King did not testify or offer any evidence.
¶ 7. At the conclusion of the trial, the chancellor found on the record that he did not have authority, under the evidence presented, to determined whether the property had been adversely possessed and asked the parties for further briefing on slander of title and damages. The parties complied, and thereafter, the chancellor entered a final judgment denying all relief.

STANDARD OF REVIEW
¶ 8. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994). It is not the job of this Court to redetermine questions of fact resolved by the chancellor. Johnson v. Black, 469 So.2d 88, 90 (Miss.1985). If the record contains substantial, credible evidence to support the findings of fact made in chancery court, this Court will not reverse the chancellor's decision. Id.

ANALYSIS
¶ 9. The Williamses took advantage of "notice" pleadings and filed a brief, two page complaint. In their complaint, Oliver and Minnie asserted claims for adverse possession, prescriptive easement, interference with use and quiet enjoyment, slander of title, to cancel cloud on title and for monetary damages. King likewise filed a brief answer. Neither party conducted discovery. The trial was very short. The record of testimony taken at trial is twenty-one pages.
¶ 10. Based on the record and briefs, it appears that the chancellor only considered the claims for ownership, slander of title and damages. The chancellor did not consider the claim for interference with use and quite enjoyment. It is this final claim which we find warrants reversal and remand for further proceedings. We will consider each of the arguments, in an order different than presented by the parties.

1. Did the chancellor err in denying the claims for adverse possession, prescriptive easement and to remove cloud on title?

¶ 11. Based on the clear language of the complaint, the Williamses pled *850 claims for adverse possession, prescriptive easement, and to cancel cloud on title. As described above, the evidence presented was minimal. The evidence consisted of three witnesses, a deed, several photos and a plat of the property. No deraignment of title was offered. No other deeds or evidence was offered to establish ownership or any indicia of ownership of the disputed property. The chancellor found that: "Oliver and Minnie Williams hold a deed to a piece of property in Rankin County, Mississippi. The issue of ownership to said piece of property is not before this court." The chancellor continued and found that: "Charles King has no claim to the property described in the complaint except any ownership interest he may have by virtue of his marriage and that all other relief shall be denied."
¶ 12. King argues that this was the proper decision because the Williamses failed to follow statutory procedure to establish these claims. Specifically, King refers to Mississippi Code Annotated Section 11-17-35 (1972), which provides:
In bills to confirm title to real estate, and to cancel and remove clouds therefrom, the complainant must set forth in plain and concise language the deraignment of his title....
¶ 13. The plaintiff in an action to remove cloud on title had the burden of showing perfect title himself. He cannot rely on the weaknesses of the defendant's title. Levy v. Campbell, 200 Miss. 721, 727, 28 So.2d 224, 226 (Miss.1946). Here, the plaintiffs failed to file a deraignment of title; thus, King argues that the ownership claims must fail.
¶ 14. A question remains whether Mississippi Code Annotated Section 11-17-35 has been supplanted by the Mississippi Rules of Civil Procedure, meaning that a deraignment of title is no longer required. See Warner's Griffith, Mississippi Chancery Practice, § 114 (Rev. Ed.1991). However, we do not consider this issue here because here the chancellor had neither a deraignment of title nor other sufficient evidence to establish title or ownership that would be necessary to prove claims for adverse possession, prescriptive easement or to remove a cloud on title. Accordingly, we affirm the chancellor's decision to deny relief on these claims based on the evidence presented.

2. Did the chancellor err in denying the claim for slander of title?

¶ 15. On the claim for slander of title, the chancellor correctly noted that, in order to prevail, Oliver and Minnie had to prove that King's actions were malicious. In Welford v. Dickerson, 524 So.2d 331, 334 (Miss.1988), the court held that for the statement to form the basis of a claim for slander of title it must have been made not only falsely but maliciously.
¶ 16. In Phelps v. Clinkscales, 247 So.2d 819, 821 (Miss.1971), the supreme court defined malice, in relation to slander of title, and held: "Malice exists in the mind and usually is not susceptible of direct proof. The law determines malice by external standards; a process of drawing inferences by applying common knowledge and human experience to a person's statements, acts, and the surrounding circumstances."
¶ 17. The chancellor determined that King believed the property in question belonged to his wife. Therefore, any statement he made could not have been malicious. Therefore, the chancellor found that Oliver and Minnie failed to prove that King acted with malice. Based on the evidence presented and our standard of review, we cannot say the chancellor erred in denying the claim for slander of title. Therefore, we affirm the chancellor's decision *851 to deny relief on the claim for slander of title.

3. Did the chancellor err in denying the claim for damages?

¶ 18. The Williamses damage claims are for emotional distress, attorney's fees and litigation costs. The evidence to support such claims was insufficient. Oliver testified that he paid his attorney $2,500 and an undisclosed amount to the surveyor. He testified that he missed work and that the minister and visitors to his home were scared by the dog. The surveyor initially testified that he did not charge for the survey and then testified that he had not yet billed for his services, but planned to do so. No evidence was submitted as to the necessity and reasonableness of the attorney's fees. See McKee v. McKee, 418 So.2d 764 (Miss. 1982).
¶ 19. Based on the evidence presented and our standard of review, we affirm the chancellor's decision to deny an award of damages.

4. Did the plaintiffs sufficiently plead and prove a claim for interference with the use and enjoyment of their property?

¶ 20. The complaint included a claim for interference with the use and quiet enjoyment of their property. This claim is more accurately described as a claim for private nuisance, and the terms are sometimes used interchangeably. Leaf River Forest Products, Inc. v. Ferguson, 662 So.2d 648, 662 (Miss.1995) A private nuisance is defined as a non-trespassory invasion of another's interest in the use and enjoyment of his property. Young v. Weaver, 202 Miss. 291, 299, 32 So.2d 202, 205 (1947). One landowner may not use his land so as to unreasonably annoy, inconvenience, or harm others. Id.
¶ 21. An action for private nuisance is one that can be classified as in personam, rather than in rem.[1] Therefore, King's ownership interest in the property is irrelevant to determine whether a private nuisance has occurred.
¶ 22. A private nuisance may be shown by conduct causing an invasion of another's interest in the private use and enjoyment of land that is either: (1) intentional and unreasonable; (2) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct; or (3) unintentional and actionable for abnormally dangerous conditions or activities. Leaf River Forest Prod., 662 So.2d at 662. A claim for private nuisance does not require proof of an actual physical invasion. However, the plaintiff must present evidence of an invasion in order to withstand summary judgment. Cooper Tire and Rubber Co. v. Johnston, 234 Miss. 432, 438-39, 106 So.2d 889, 891 (1958).
¶ 23. In denying all relief, the chancellor's judgment did not address the claim for interference with use and quiet enjoyment or private nuisance. The judgment refers to the chancellor's conclusion that the issue of ownership was not before the court. We find substantial evidence was presented to establish Oliver and Minnie's *852 claim for private nuisance against, including jurisdiction over, King. The testimony established that King's dog was threatening to others. The surveyor even testified that he would not go near the dog for fear of his safety. The supreme court has previously held that "[i]t is not necessary to debate whether dogs and chickens may attain the status of trespassers. It is enough that their presence and actions created a nuisance...." White v. Lewis, 213 Miss. 686, 692, 57 So.2d 497, 498 (1952).
¶ 24. Thus, we reverse and remand this claim to the chancellor for further consideration of an appropriate remedy. The chancellor's decision may be determined on the current record or on such other additional evidence as the chancellor deems appropriate.

5. Did the chancellor err in not entering a judgment against defendants, Willie Earl Wooten and Annie Stewart?

¶ 25. Oliver and Minnie appeal the chancellor's denial of relieve against Wooten and Stewart. However, their brief makes little mention and no argument on this issue. The brief states:
Appellees Wooten and Stewart never answered the Complaint they were summoned to defend, did not appear at trial, and default was entered against them. The Williams were entitled to prevail on their claims against Wooten and Stewart.
¶ 26. We have reviewed the record and find no support for this argument. Indeed, it appears that Wooten and Stewart were properly served with the summons and complaint. They filed no responsive pleading. An application to the clerk for entry of default and supporting affidavit was filed, and the clerk entered a default. However, we find no motion for default judgment or a request on the day of trial that a default judgment be entered against Wooten and Stewart. Further, we find no mention in the trial transcript of any claims against or relief requested from Wooten or Stewart.
¶ 27. It appears that the entry of default was proper under Rule 55 of the Mississippi Rules of Civil Procedure. However, the plaintiffs have neither moved the court for an entry of a default judgment nor presented sufficient evidence of a sum certain due or the relief to which they are entitled. Since we find no evidence that this issue was considered by the chancellor, we decline to find error in the chancellor's failure to consider that which was not asked of him.
¶ 28. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. COSTS ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.
NOTES
[1] An action is said to be in personam when its object is to determine the rights and interests of the parties themselves in the subject-matter of the action, however the action may arise, and the effect of a judgment in such an action is merely to bind the parties to it. An action in rem is one in which the judgment of the court determines the title to property and the rights of the parties, not merely as between themselves, but also as against all persons at any time dealing with them or with the property upon which the court had adjudicated. R.H. Graveson, Conflict of Laws 98 (7th ed.1974).