CARLTON, J„
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. The motion for rehearing is denied. We withdraw our original opinion and substitute this modified opinion.
¶ 2. Samuel and Carolyn Williams (the Williamses) appeal from the Madison County Chancery Court’s judgment granting a motion to enforce the settlement agreement that resolved the Williamses’ claims against Horneeomings Financial Network, Inc. (Homecomings). On appeal, the Williamses argue that the chancellor erred by admitting into evidence a deposition, which they allege included hearsay statements, in determining the enforceability of the Williamses’ settlement with Homecomings. We find substantial evidence in the record to support the chancellor’s order enforcing the settlement; accordingly, we affirm.
FACTS
¶ 3. The Williamses brought suit against Homecomings,[1] alleging Homecomings conspired to defraud the Williamses by procuring fraudulent appraisals and entering into loan agreements with them that included repayment terms exceeding what they could afford. Approximately fifteen other plaintiffs, all represented by the same counsel as the Williamses, filed substantially similar lawsuits against Homecomings and other defendants. The record reflects that Attorney Precious Martin signed the complaint against Homecomings on behalf of the Williamses.
¶ 4. On October 3, 2008, the Williamses, as well as the other plaintiffs with similar claims, reached a global settlement agreement with Homecomings. The settlement terms called for a modification of each plaintiffs note. As to the Williamses, the modification reduced the amount owed to $460,000, changed their monthly interest and principal payments to $3,283.57, and set their initial interest rate at 7.250%. Homecomings agreed to and waived the past due and currently owed principal and interest, late fees, escrows, and other fees. Homecomings also agreed to pay $16,000 in attorneys’ fees to the plaintiffs in each action. The terms of the settlement also provided that all plaintiffs agreed to dismiss their claims against Homecomings. Martin, as counsel of record for the Williamses, agreed on their behalf to the terms of the settlement offered by Homecomings.
¶ 5. On October 14, 2008, the parties to the settlement agreement, including the Williamses, filed an agreed order of dismissal without prejudice. On November 11, 2008, Homecomings sent the Williamses’ counsel, Martin, the settlement agreement, along with an agreed final judgment of dismissal with prejudice and the settlement proceeds. Homecomings was later advised that the documents were executed by all of the plaintiffs in the *781 settlement except for the Williamses, who refused to sign the documents.
¶ 6. Homecomings filed a motion to enforce the settlement in the Madison County Chancery Court, and the court set a date for an evidentiary hearing. The court wanted testimony from Martin presented at the scheduled evidentiary hearing, but due to a trial conflict, Martin could not attend the hearing on the motion. The parties agreed that Martin would testify by deposition.[2] The deposition took place on March 17, 2010. During the deposition, Martin confirmed he was counsel of record for the Williamses and had accepted the settlement offered on behalf of the Williamses. He also stated that due to the number of parties he represented in the settlement discussion, he and his co-counsel, Omar Nelson, had agreed to split up and discuss the terms of the proposed settlement with different parties. Martin explained that he did not personally meet with the Williamses to discuss the terms of the settlement, but he stated that Nelson met with them. Martin testified that Nelson informed him that Nelson had spoken to the Williamses about the settlement terms, and the Williamses had agreed to accept the proposed settlement. Martin confirmed that he had then informed counsel for Homecomings that the Williamses had accepted the settlement agreement. Martin further testified that he had signed the complaint against Homecomings as counsel for the Williamses.[3]
¶ 7. On April 7, 2010, the chancellor entered an order permitting Martin to withdraw as counsel for the Williamses. On August 19, 2010, the chancellor heard arguments on Homecomings’ motion to enforce the settlement. At the hearing, the new counsel for the Williamses objected to Martin’s deposition being admitted into evidence. Homecomings argued that the alleged hearsay statements by Martin, referring to his communications with Nelson, were irrelevant because under agency and principal law, a lawyer possesses apparent and actual authority to bind his client to a settlement offer. The chancellor overruled the objection and allowed the deposition to be admitted.
¶ 8. Following the hearing, the chancellor entered an order granting Homecomings’ motion to enforce the settlement. The Williamses filed an interlocutory appeal, which the Mississippi Supreme Court denied. Following the denial of the interlocutory appeal, the chancellor entered a final judgment, declaring that a settlement had been reached between the parties. The Williamses now appeal.
STANDARD OF REVIEW
¶ 9. This Court will not disturb the chancellor’s findings when they are supported by substantial, credible evidence, unless the chancellor’s findings are an abuse of discretion, manifestly wrong, clearly erroneous, or the result of an erroneously applied legal standard. Williams v. King, 860 So.2d 847, 849 (¶8) (Miss.Ct.App.2008).
¶ 10. Mississippi Rule of Civil Procedure 30(a) allows any party to take a deposition of any person, including a party. The admission of deposition testimony is within the sound discretion of the trial court. Robinson v. Lee, 821 So.2d 129, 133 (¶ 16) (Miss.Ct.App.2000). “While the admission of evidence is within the discretion of the trial judge[,] that discretion is not unfettered.” Id. at 134 (¶ 19). It is espe- *782 dally not unfettered where a party seeks to introduce the deposition of an absent witness under Mississippi Rule of Civil Procedure 32(a)(3). Robinson, 821 So.2d at 134 (¶ 19). The party offering the deposition must show that it fits into one of the stated exceptions. Id. “Where the exercise of the court’s discretion is not supported by the evidence, this Court is obligated to find an abuse of discretion.” Id.
DISCUSSION
¶ 11. The Williamses argue that the chancellor erred by admitting the deposition of their counsel into evidence, claiming that the deposition included a hearsay statement. Specifically, the Williamses claim that Martin’s statements expressing that Nelson informed him that the Williamses accepted the settlement agreement constitute hearsay, and thus the statements should have been excluded. Homecomings argues that any communications between Nelson and Martin were irrelevant, since the evidence established Martin constituted counsel of record possessing the authority to bind his clients to the settlement.
¶ 12. In her order granting Homecomings’ motion to enforce the settlement agreement, the chancellor determined:
1. ... [The Williamses] retained the law firm of Martin & Associates, PLLC, with [Martin], as lead attorney, to file suit on their behalf against [Homecomings]. The suit was filed, and in the process of time, October 3, 2008, a settlement was reached between the attorney for [the Williamses] and the attorney for [Homecomings]. The attorney, [Martin ], acknowledged ... that as attorney for [the Williamses ], he negotiated and accepted the settlement in question, on behalf of [the Williamses ]. [The Williamses] opposed the settlement and would not participate therein.
2. [Homecomings] filed a motion to enforce said settlement.
3. There is a long-standing principle in [the] law that settlements are contracts which are enforceable according to their terms. An attorney is presumed to have the authority to speak for and bind his client. Parmley v. 84 Lumber [Co.], 911 So.2d 569 (Miss.Ct.App.2005). Whether or not an attorney has agreed to a settlement on behalf of his client is a question of fact. Id.
4. In the case at bar, the attorney for [the Williamses], [Martin], at the time of the settlement, admits he accepted the settlement in question on behalf of the [Williamses]. The said attorney withdrew from the case on April 7, 2010.
5. The court[,] having considered said motion, finds that it is well-taken and hereby grants the relief requested.
(Emphasis added).
¶ 13. In reviewing the record, we note that Martin’s deposition reveals he testified that he possessed authority from the Williamses to act as their counsel with respect to their claims against Homecomings and as to all settlement matters. Of particular significance to our decision is the complaint against Homecomings, which Martin signed on behalf of the Williamses. The chancellor’s order reflects that she relied on Martin’s authority as counsel of record to enforce the settlement.
¶ 14. Martin stated that he and Nelson represented sixteen clients during the settlement agreement. Martin explained that due to the large number of clients, he and Nelson agreed to split up and each talk to a certain number of clients. Martin and *783 Nelson agreed to explain the settlement terms to the clients and then inquire whether the clients wanted to accept or reject the proposed agreement. Martin stated that Nelson met with the Williamses to discuss the settlement terms; Martin himself did not personally meet with the Williamses. Martin testified that after Nelson met with the Williamses, Nelson informed Martin that the Williamses had agreed to the settlement. Martin expressed that he did not know what was said during their meeting; he only knew what Nelson told him regarding the result of the meeting. We note that the record reflects the Williamses were present during the deposition, and both Samuel and Carolyn Williams[4] possessed the opportunity to question Martin while he was under oath. The transcript reflects that the Williamses each presented their questions to Martin. Afterwards, the Williamses confirmed on the record that they had in fact possessed the opportunity to question Martin.
¶ 15. During the hearing on the motion to enforce settlement, counsel for Homecomings explained that he intended to offer Martin’s deposition testimony into evidence “because Mr. Martin says what he told my client” regarding the settlement. Counsel for Homecomings further clarified to the chancellor: “[T]o the extent the court wants to ignore any testimony ... about what the Williamses may have told Mr. Martin, that’s fine. I’m not offering it for that purpose.”
¶ 16. Mississippi Rule of Evidence 801(d)(2)(C) provides that a statement is not hearsay if “[t]he statement is offered against a party and is ... a statement by a person authorized by him to make a statement concerning the subject[.]” Our supreme court has held that “[a]n attorney is presumed to have the authority to speak for and bind his client.” Parmley, 911 So.2d at 573 (¶ 19); see also Pace v. Fin. Sec. Life of Miss., 608 So.2d 1135, 1138 (Miss.1992); Fairchild v. Gen. Motors Acceptance Corp., 254 Miss. 261, 265, 179 So.2d 185, 187 (1965). Additionally, we recognize the determination of “[wjhether or not the attorney has agreed to a settlement on behalf of the client is a question of fact.” Parmley, 911 So.2d at 573 (¶ 19).
¶ 17. In this case, as previously noted, Martin expressed on the record through deposition testimony that he had the authority to bind the Williamses to the terms of the settlement upon learning from Nelson of the Williamses’ alleged acceptance of the proposed settlement. As also previously noted, the record reflects that Martin signed the complaint against Homecomings on behalf of the Williamses. We thus find that the record provides substantial evidence supporting Martin’s authority as counsel of record to bind the Williamses to the agreement. We also find substantial evidence exists to support the chancellor’s order enforcing the settlement agreement. See Parmley, 911 So.2d at 573 (¶ 19). Furthermore, Martin’s testimony that he possessed authority as the Williamses’ attorney to accept the settlement terms, coupled with Martin signing the complaint on behalf of the Williamses, demonstrates that Martin indeed possessed the authority to enter into a settlement and bind the Williamses to the terms of any such agreement with Homecomings. Fairchild, 254 Miss, at 265, 179 So.2d at 187.
¶ 18. Moreover, we review the admission of evidence for abuse of discretion. *784 Robinson, 821 So.2d at 133 (¶ 16). If any error occurred in the admission of such statements, the error was harmless. In this case, the chancellor’s order enforcing the settlement does not reflect that she considered any statements conveyed by Nelson to Martin. Instead, the order reflects that the chancellor relied on Martin’s authority as the Williamses’ counsel of record to speak for and bind his clients in settlement negotiations. Therefore, we find no abuse of discretion in the chancellor’s admission of Martin’s deposition into evidence. See id.
¶ 19. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. GRIFFIS, P.J., CONCURS IN PART AND IN THE RESULT. JAMES, J., NOT PARTICIPATING.

. The record reflects that the Williamses initially brought this suit against five different parties, but the parties either settled or were dismissed.

. The deposition was a defense deposition requested by Homecomings. See M.R.C.P. 30.

. Counsel for Homecomings offered to contact the judge during Homecomings' deposition of Martin, but the Williamses declined.

. The record reflects that the Williamses’ daughter, Angelia, was also present during the deposition. However, counsel for Homecomings prohibited Angelia from questioning Martin since she failed to constitute a party to the present action.